Louis W. Killeen, Plaintiff, *v.* The Preferred Accident Insurance Company of New York, Defendant.

Supreme Court, Schenectady County, November 11, 1933.

*Blodgett & Smith,* for the plaintiff.

*Carter & Conboy,* for the defendant.

LAWRENCE, J. The plaintiff in this action suffered personal injuries on March 12, 1932, in an automobile accident which occurred on the State highway between Schenectady and Troy. At that time he was a passenger in an automobile owned and operated by one Schuhl. Later he brought an action against Schuhl to recover damages for his injuries. This action resulted in a verdict for the plaintiff Killeen against Schuhl in the sum of $1,500 damages, and $90.25 costs. Execution on this judgment was issued and returned wholly unsatisfied.

Schuhl was insured under a liability policy issued to him by this defendant, which was in force at the time of the accident. This action is brought upon the policy referred to and seeks to recover the amount of the judgment secured against Schuhl.

The answer sets up the claim that Schuhl failed to comply with the terms of the policy in that, among other things, he failed to co-operate with the insurance company in the defense of the action and failed to furnish information relative to the accident which the relationship of the parties required under the policy, and that the defense was prejudiced and the policy vitiated.

No serious question is raised relative to the insolvency of Schuhl or the propriety of the action by plaintiff based upon the judgment, but the company here bases its claim on the defenses interposed. It insists that the assured withheld from it facts and circumstances which were material to the investigation and defense and failed to co-operate and entered into a discussion with and made admis-

sions to the adversary without the knowledge and information of the defendant company, and willfully withheld from the company the fact of such admissions, and entered a collusive agreement with the claimant regarding the facts, and thereby the company was materially prejudiced in the defense.

The policy in question was issued upon certain conditions and those conditions, so far as material here, are to the effect:

1. That written notice should be given to the company. This was done.

2. That such notice should contain information respecting the time, place and circumstances of the accident. This was complied with except that defendant claims that the circumstances were not fully disclosed in that no mention was made of the driver " drowsing " at the wheel.

3. That assured should keep the company advised as to developments and should co-operate with the company. This was complied with except that the company claims there was a failure to advise the company of the admission that the assured was, or had been " drowsing " at the wheel at the time of the accident.

In other words, the defendant relies upon the failure by the assured to inform the company that he had been asleep at the wheel and that such failure prejudiced the company in the defense; that if this element had not been present in the former action, the result would have been different as that was the deciding factor in establishing a claim against the assured; that thereby the company was prejudiced and the policy became void because of a failure to co-operate.

The question then arises as to whether the circumstances are such as to constitute a good defense, and whether such defense has been reasonably established. The defense claimed would be in the nature of a condition subsequent, which would defeat the contract rather than vitiate it at its inception. It might become material to inquire and determine whether the assured concealed the information with reference to his sleepy condition from any improper motive, because a failure to disclose facts as to which no inquiry was made would not violate a condition of the policy in the absence of fraud. I do not find that he willfully or fraudulently withheld the information, but rather that he was reluctant to give it, as it might prejudice his chances of being allowed to drive in the future.

If the claim of the company had been that some defense had been withheld instead of a failure to disclose some weakness in the case or some added negligence, the situation might be different. The policy was a contract to indemnify the assured against his

negligence and the fact that he did not disclose all his negligence ought not to nullify obligations under the policy.

It would appear that when Schuhl made his first written statement or report to the representative of the company, he did not mention the fact that he had been "drowsing" at the wheel. This is the only substantial element of failure to co-operate which is claimed by the company. That element came to the attention of the company's representatives at least before the trial, and no disclaimer by the company was made until Killeen had testified about the admissions of Schuhl, as it might be expected he would, and the disclaimer made no mention of other grounds.

The company here has the same defense it would have against the assured in case the assured had paid the judgment and brought an action on the policy. The fact that it finally appeared that Schuhl had been guilty of more negligence than he at first claimed, and admitted it, in my judgment would not preclude a recovery by him under such circumstances.

The former action was commenced in July, 1932. The answer was verified on August 16, 1932, by Mr. Carter. Before the action was begun Schuhl had made the statement of being drowsy at the wheel. Killeen states that he gave this information to Mr. Carter on June twentieth. Mr. Blodgett states that he communicated this information to Mr. Carter the early part of July. It seems to me that this information should at least have been sufficient to put defendant upon its inquiry with respect to the condition of being drowsy or asleep, and I fail to find anything in the evidence which shows any concealment of facts by Schuhl thereafter.

Under the circumstances it seems to me that the subsequent putting in of the answer and the defense at the trial makes the disclaimer ineffective.

I have examined the record regarding rulings reserved and see no reason for a change from what was made.

Decision may be submitted in accordance with the above. The papers submitted are returned to the respective attorneys.